Steve Morris, NV Bar No. 1543
Jean-Paul Hendricks, NV Bar No. 10079
MORRIS LAW GROUP
411 E. Bonneville Ave., Ste. 360
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Email: sm@morrislawgroup.com
Email: jph@morrislawgroup.com

Attorneys for Defendant
Amazon.com, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of Troy Daigneau,<br><br>Plaintiff,<br><br>v.<br><br>CUBE ELECTRONICS CO., LTD. a/k/a Cube (Shenzhen) Electronics Tech Co., Ltd.; AMAZON.COM INC.; BIKE REVOLUTION BIKE SHOP d/b/a Elite Cycle & Sports; MEGA SINAI, LLC; and DOES 1 through X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02109-JCM-GWF<br><br>~~(Proposed)~~ Revised Stipulated Protective Order |

**(Proposed) Revised Stipulated Protective Order**

Plaintiff and defendants Amazon.com, Inc. ("Amazon") and Bike Revolution Bike Shop d/b/a Elite Cycle & Sports ("Bike Revolution") (defendants Cube Electronics Co., LTD and Mega Sinai, LLC have not appeared) contemplate that discovery will involve information and documents that contain personal medical and financial information, trade

secrets, proprietary or competitively sensitive financial and business information, and other private or confidential information. Plaintiff, Amazon.com, and Bike Revolution hereby stipulate to the following stipulated protective order and request entry of this order to establish procedures to enable the parties to obtain discovery of such information and documents; to protect against public disclosure; and to promptly resolve disputes over confidentiality.

**The Court hereby orders:**

1. <u>Scope and Application of Protective Order</u>. This Protective Order governs all documents, information, or other material that is designated "Confidential Information" as defined herein, and that is produced in connection with this litigation by any person or entity (the "producing party") to any other person or entity (the "receiving party"), regardless whether the person or entity producing or receiving the Confidential Information is a party.

2. <u>Definitions.</u>

<u>Confidential Information.</u> "Confidential Information" means any information that is private, confidential, or proprietary, including the following representative but non-exclusive examples:

- taxes and other financial records
- accounting or financial statements (not including publicly available financial statements)
- trade secrets
- commercial, financial, pricing, budgeting, revenue, profit, or accounting information
- information about existing and potential customers
- marketing studies and projections
- business strategies, decisions, or negotiations

2

- compensation, evaluations, and employment information
- proprietary information about affiliates, parents, subsidiaries, and third-parties with
- whom the parties have or have had business relationships
- any other information whose disclosure could cause an invasion of privacy or
- competitive business harm.

A protective order is warranted because Confidential Information derives value from not being publicly known, and public disclosure could lead to serious and unwarranted injury.

2.2. <u>Documents.</u> The term "documents" includes all information or communications in any written or electronic form, regardless of format, and includes visual depictions such as photographs.

3. <u>Designation of Confidential Information.</u>

3.1. <u>Good Faith Claims.</u> All claims of confidentiality and objections to those claims must be made under a good faith belief that the information satisfies (or, in the case of objections, does not satisfy) the definition of Confidential Information.

3.2. <u>Produced Documents</u>. A party producing documents that it believes constitute or contain Confidential Information shall label the documents with the following legend or something substantially similar to clearly advise of the confidential nature of the contents:

> CONFIDENTIAL: Subject to Protective Order in Case No. 2:17-cv-02109-JCM-GWF in the United States District Court for the District of Nevada

The label shall not obliterate or obscure the contents. If a document containing Confidential Information is produced in native format, the file name shall contain the term "Confidential Information" or otherwise clearly

3

indicate that it contains information subject to this Order. If any person or party makes copies of documents designated as containing Confidential Information, each copy must be marked as containing Confidential Information in the same form as the original document.

A party producing documents that are stored on data storage devices shall designate the data storage device as containing Confidential Information, by labeling the data storage device and files as described above. If the receiving party or other persons or entities to whom disclosure is authorized under this order make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each copy as containing Confidential Information in the same form as the notice on the original data storage device. If the receiving party or other authorized person prints or makes copies of the documents stored on such data storage device, each page must be copied with the label specified in this section.

        3.3.   <u>Interrogatory Answers.</u> If a party answering an interrogatory believes that its answer contains Confidential Information, it shall answer in a separate document that is designated as Confidential Information.

        3.4.   <u>Inspections of Documents.</u> If the parties inspect documents rather than produce copies, no designation of Confidential Information needs to be made before the inspection. The party making documents available for inspection may designate categories of documents that contain Confidential Information, and the information contained in those documents shall be considered Confidential Information under this Order. If the inspecting party selects documents to be copied, the producing party shall designate Confidential Information when the copies are produced.

3.5. <u>Deposition Transcripts</u>. No person except those permitted access to Confidential Information by this Order can attend depositions when Confidential Information is disclosed. Within 30 days after receiving a deposition transcript, a party may inform the other parties if the transcript or portions of it are designated as Confidential Information. If a party indicates at a deposition that the Confidential Information has been disclosed in the deposition, the transcript in its entirety shall be treated as Confidential Information for the 30 days. All persons and parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information.

3.6. <u>Multipage Documents</u>. A party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.2 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multipage document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the labels specified in subparagraph 3.2 on each page of the document containing Confidential Information.

4. <u>Designations by Another Party</u>.

4.1. <u>Notification of Designation.</u> If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as Confidential Information by notifying all parties in writing within 30 days of service of the document.

4.2. <u>Return of Documents</u>. Whenever a party other than the producing party designates a document as Confidential Information under subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party.

5. <u>Objections to Designations.</u>

5.1. <u>Notice of Objection.</u> Any party objecting to a designation of Confidential Information, including objections to portions of designations of multipage documents, shall notify the designating party and all other parties of the objection in writing within 30 days of receiving the designation or, if a document is first produced fewer than 30 days before trial, within half of the time remaining before trial. This notice must identify each document that the objecting party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.

5.2. <u>Conference Regarding Objection</u>. The parties with an interest in resolution of the objection shall confer within 10 days after such objection to attempt to resolve their differences, unless the parties agree to a longer time. If the parties cannot resolve their differences, the objecting party shall have 14 days after the conference to file a motion to remove the Confidential Information designation.

5.3 <u>Burden of Proof</u>. To the extent that any Confidential Information is challenged before the Court, the producing party will bear the burden of demonstrating why the information in contention was properly designated.

5.4. <u>Treatment after Objection Is Raised.</u> All documents, information and other materials initially designated as Confidential Information shall be treated as Confidential Information in accordance with this Order unless and until the Court rules otherwise. If the Court rules that a Confidential Information designation should not be maintained as to a particular document, the producing party shall, upon written request by a party, provide that party a copy of that document without the Confidential Information designation.

6. <u>Custody</u>. All Confidential Information and all copies, extracts, and summaries thereof, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

7. <u>Handling of Confidential Information Before Trial</u>.

7.1. <u>Authorized Disclosures</u>. Confidential Information shall be disclosed by the receiving party only to the following persons:

a. Counsel for the parties, including their associates, clerks, paralegals, and secretarial personnel;

b. Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

c. Deposition and trial witnesses;

d. Experts and their staff who are consulted by counsel for a party in this litigation;

e. Parties and their employees and insurers with a discernible need to know;

f. In-house counsel and paralegals;

g. Vendors employed by counsel for copying, scanning, and handling

of documents and data; and

h. The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

7.2. <u>Acknowledgement of Protective Order.</u> Confidential Information may not be disclosed to persons under subparagraphs 7.1(c) or 7.1(d) until the receiving party has obtained a written acknowledgment from such person, in the form in Appendix A, that he or she has received a copy of this Order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraphs 7.1(c) or 7.1(d) shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information, and shall furnish the written acknowledgements and disclosure list to the Court for in camera review upon its request. Furnishing the written acknowledgements and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

7.3. <u>Disclosure to Competitors.</u> Before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least 14 days notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized until the Court orders otherwise. For purposes of this Order, "competitor" means any person or entity that operates any online or physical marketplace or retail business with more than 1,000 employees.

7.4. <u>Unauthorized Disclosures.</u> All persons receiving Confidential Information under the terms of this Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Confidential Information. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to retrieve the Confidential Information and to prevent further disclosure.

7.5. <u>Court Filings.</u> Should a receiving party wish to file Confidential Information with the Court, the party wishing to make such filing shall give at least 14 days' notice in writing to the designating party. The designating party shall have the opportunity to propose redactions to the Confidential Information so that it may be filed on the public docket or to file a motion to allow the Confidential Information to be filed under seal. No Confidential Information may be filed with the Court until any such motion has been ruled upon.

7.6. <u>Burden of Proof.</u> In the event a party determines that a document that has been designated as confidential must be filed with the Court, that party shall file a motion to seal. The parties also agree that any motion to seal will address the applicable standard and explain why that standard has been met as outlined in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The parties further agree that any documents filed under seal shall be filed in accordance with the Court's electronic filing procedures. *See* LR IA 10-5. In the event that the sole ground for a motion to seal is that the opposing party (or non-party) has

designated a document as subject to protection pursuant to this stipulated protective order, the movant must notify the opposing party (or non-party) as outlined in Section 7.5 above. The designating party must then make a good faith determination if the relevant standard for sealing has been met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than seven days after receiving notice of the intended filing. To the extent the designating party believes that the relevant standard can be met, it shall provide a declaration supporting that assertion no later than seven days after receiving notice of the intended filing. If the designating party fails to provide such a declaration in support of a motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.[1]

8. <u>Care in Storage.</u> All persons having Confidential Information shall exercise reasonable care to protect against inadvertent disclosure, disclosure to unauthorized persons, and theft or hacking.

9. <u>Handling during Trial.</u> Confidential Information that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions imposed by the Court.

10. <u>No Implied Waivers.</u> The entry of this Order shall not be interpreted as a waiver of the right to object to the furnishing of information or documents in response to discovery requests or to object to a requested inspection of documents or facilities. Nor is production of any

---

[1] In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three days of its filing. If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

document or information under this Order an admission that it is admissible in evidence.

11. <u>Inadvertent Failure to Designate as Confidential</u>. The inadvertent failure to designate any information as Confidential does not waive a party's claim of confidentiality. In the event of disclosure of such information, the information shall be designated as Confidential Information by the party as soon as reasonably possible after learning of the disclosure and such information shall thereafter be treated as Confidential Information subject to this Order. No liability shall attach to any party's use or disclosure of such information from the time of receipt until the party properly designates it as Confidential Information.

12. <u>Inadvertent Disclosure of Privileged Documents or Information</u>. If a party inadvertently produces a document or information that it could have withheld, in whole or in part, under a legitimate claim of privilege, the inadvertent production shall not waive any privilege or result in a subject matter waiver. A party who determines that it may have received potentially privileged documents or information shall immediately notify the producing party. A producing party may demand return of any inadvertently produced document or information, and the receiving party shall immediately return them (and any copies thereof) and delete all electronic versions and all notes or other work product reflecting the contents of such material. Alternatively, the receiving party may seek in camera review within 10 days to obtain a court ruling on privilege, and the parties shall not use such documents or information until the court rules.

13. <u>Parties' Own Documents</u>. This Order does not restrict the parties in their use or disclosure of their own documents and information.

11

14. <u>Motion to Compel Production of Confidential Information</u>. If any third party moves to compel production of Confidential Information, the party subject to such motion shall immediately notify the parties who originally produced or designated the Confidential Information to allow them an opportunity to oppose the motion. In addition, if a party is ordered to produce Confidential Information covered by this Order, notice and, if available, a copy of the order compelling disclosure, shall immediately be given to the parties who originally produced or designated such Confidential Information. Nothing in this Order requires the party who is ordered to produce such Confidential Information to challenge or appeal such an order.

15. <u>No Effect on Other Rights</u>. This Order does not abrogate or affect any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

16. <u>Handling upon Conclusion of Litigation</u>. All parties, counsel, and persons to whom disclosure was made shall return all Confidential Information to the designating party within 90 days of the conclusion of litigation. Counsel shall certify in writing that all such Confidential Information has been returned. Counsel for each party also shall contact each person to whom that party has provided a copy of any Confidential Information and request the documents be returned. In lieu of returning Confidential Information, the person or party possessing it may destroy it and certify such destruction in writing.

1  MORRIS LAW GROUP
2  By: /s/ JP Hendricks
   Steve Morris
3  Nevada Bar No. 1543
   Jean-Paul Hendricks
4  Nevada Bar No. 10079
   411 E. Bonneville Ave., Ste. 360
5  Las Vegas, Nevada 89101
6
   Attorneys for Defendant
7  Amazon.com, Inc.
8
9
10 LUH & ASSOCIATES
11
12 By: /s/
   Charlie H. Luh, NV Bar No. 6726
13 D. Jason Ferris, NV Bar No. 7698
   8987 W. Flamingo Road, Suite 100
14 Las Vegas, Nevada 89147
15
   Attorneys for Defendant
16 Revolution Bike Shop d/b/a
   Elite Cycles & Sports
17
18
19
20 LISA A. TAYLOR
21 By:_____
   Lisa A. Taylor
22 5664 N. Rainbow Blvd.
   Las Vegas, Nevada 89130
23
24 Attorney for Plaintiff
25
26
27
28

MORRIS LAW GROUP
411 E. BONNEVILLE AVE., STE. 360 LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

13

MORRIS LAW GROUP

By: _____
   Steve Morris
   Nevada Bar No. 1543
   Jean-Paul Hendricks
   Nevada Bar No. 10079
   411 E. Bonneville Ave., Ste. 360
   Las Vegas, Nevada 89101

Attorneys for Defendant
Amazon.com, Inc.


LUH & ASSOCIATES


By: _____
Charlie H. Luh, NV Bar No. 6726
D. Jason Ferris, NV Bar No. 7698
8987 W. Flamingo Road, Suite 100
Las Vegas, Nevada 89147

Attorneys for Defendant
Revolution Bike Shop d/b/a
Elite Cycles & Sports


LISA A. TAYLOR

By: /s/ Lisa A. Taylor_____
   Lisa A. Taylor
   5664 N. Rainbow Blvd.
   Las Vegas, Nevada 89130

Attorney for Plaintiff

13

**ORDER**

IT IS SO ORDERED.

_____
United States Magistrate Judge
Dated: 3/20/2018

Submitted by:

MORRIS LAW GROUP

By: _____
Steve Morris, Bar No. 1543
Jean-Paul Hendricks, Bar No. 10079
411 E. Bonneville Ave., Ste. 360
Las Vegas, Nevada 89101

Attorneys for Defendant
Amazon.com, Inc.


Dated: 12/25, 2017.